UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DESIGN MART LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEWS INTERNATIONAL | ) | [JURY TRIAL DEMANDED] |
| CORPORATION, D/B/A/ MATTHEWS | ) | |
| GRANITE D/B/A MATTHEWS | ) | |
| CEMETERY PRODUCTS | ) | |
| | ) | |
| Defendant.   . | ) | |

# COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Design Mart LLC ("Design Mart") alleges the following as its Complaint against Matthews International Corporation, d/b/a Matthews Granite and Matthews Cemetery Products ("Matthews"):

## I. NATURE OF THE CASE

1. Plaintiff Design Mart seeks damages and injunctive relief against Defendant Matthews for willful copyright infringement of at least 264 of Design Mart's copyrighted design images, which are intended for use in advertising, selling, and manufacturing memorialization products such as gravestones.

## II. PARTIES

2. Design Mart is a Georgia limited liability company with its principal place of business in Elberton, GA.

3. Matthews is a Pennsylvania corporation with it principal place of business located at Two North Shore Center, Pittsburgh, PA, 15212-5838. Matthews has registered to do business

1

in the State of Georgia and its registered agent is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

### III. JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. §1338(a) and 28 U.S.C. § 1331.

5. This Court has general personal jurisdiction over Matthews because it is deemed a resident of the State of Georgia by virtue of the fact that it has registered to do business in the State of Georgia, thereby consenting to general personal jurisdiction.

6. Alternatively, Matthews is subject to specific personal jurisdiction and to the Georgia Long Arm Statute because (1) the claims asserted herein have arisen at least in part from Matthews' transaction of business within Georgia; (2) because Matthews has committed a tortious act within Georgia (copyright infringement); (3) because Matthews has committed a tortious injury in Georgia caused by one or more acts outside of Georgia and regularly does or solicits business and derives substantial revenue from goods used or consumed or services rendered in Georgia; and (4) because Matthews owns, uses, or possesses real property situated within Georgia.

### IV. VENUE

7. Venue is proper in this District at least under 28 U.S.C. §§ 1391 (b)(1) and (d) because Matthews resides in the Middle District of Georgia and because under 28 U.S.C. § 1400(a) Matthews or its agent resides and/or may be found in the Middle District of Georgia.

V.    **STATEMENT OF FACTS**

A.  **DESIGN MART'S COPYRIGHTED DESIGN IMAGES**

8.    Design Mart is a small, family-owned-and-operated business located in Elberton, Georgia. Design Mart began as a sole proprietorship in about 1969 and was subsequently incorporated as a Georgia limited liability corporation in 1999. For over fifty years and continuing today, Design Mart has created and licensed hundreds of original design images to cemeteries, gravestone manufacturers, and memorial counselors to assist them in the sale and creation of personal memorials for their customers and clients. Design Mart also creates stencils corresponding to its design images which can be used to engrave or sandblast designs onto gravestones and cemetery monuments.

9.    Design Mart offers its designs and services through various media, including, for example, printed brochures and catalogs, individual design prints, individual design sandblast stencils, CAD files for cutting sandblast stencils, online catalogs, and an online design tool/application available by subscription.

10.    Design Mart owns the following Copyright Office registrations for its design images (including those that have been assigned to it), copies of which are attached as Exhibit A:

| Registration No. | Title | Date |
| --- | --- | --- |
| VA0000352933 | [Design Mart monumental design : no.] D-Mart 1119-1131. | 1988 |
| VA0000354920 | Thy victory thy promise : a memorial marker presentation. | 1988 |
| VA0000354921 | Child art : memorials for youth "our most beloved possession." | 1988 |
| VA0000354922 | Cremation : a memorial design presentation. | 1988 |
| VA0000354923 | Memorial designs. | 1988 |
| VA0000354924 | Shrine of memory. | 1988 |

| VA0000354925 | "While we live" select your personalized family memorial pre-need. | 1988 |
| --- | --- | --- |
| VA0000354926 | Tributes of love : a memorial design presentation : series D97-1047. | 1988 |
| VA0000354927 | Granite-bronze : a memorial design presentation. | 1988 |
| VA0000354928 | Forever in memory : set of designs. | 1988 |
| VA0000354929 | Forever in memory. | 1988 |
| VA0000354930 | New designs : [no.] 1092-1118. | 1988 |
| VA0000366876 | Design Mart Monumental design : nos. 1132-1142. | 1989 |
| VA0000391777 | D-mart : [no.] 1143-1156. | 1990 |
| VA0000402010 | Your pet : [no.] D8037P-D8086P, D1PM-D32PM. | 1989 |
| VA0000414654 | Reflections of life : [no.] D648-D684. | 1990 |
| VA0000415859 | [Design Mart monumental design : nos. D867-D879] | 1990 |
| VA0000432041 | Eternal life : a memorial design presentation : ser. D821-866. | 1990 |
| VA0000432745 | [Design Mart monumental design : nos. D880-D892] | 1990 |
| VA0000432746 | [Design Mart monumental design : nos. D893-D903] | 1990 |
| VA0000435317 | Closer walk : a memorial design presentation : ser. D947-996. | 1990 |
| VA0000455523 | [Design Mart Monumental design nos. D1157-D1172] | 1991 |
| VA0000457608 | Design Mart Monumental designs nos. D904-D914 in card form. | 1991 |
| VA0000460199 | In remembrance memorial designs. | 1991 |
| VA0000463227 | [Design Mart monumental design : no.] D926-D938. | 1991 |
| VA0000463228 | [Design Mart monumental design : no.] D939-D946. | 1991 |
| VA0000463442 | [Design Mart Monumental design nos. D915-D925] | 1991 |
| VA0000470768 | Design Mart monumental designs : no. D1157-D1171. | 1991 |
| VA0000475578 | Dmart : no. 1173-1190. | 1991 |
| VA0000526422 | Design Mart monument designs : no. D1191-D1202. | 1992 |
| VA0000568455 | Design Mart monumental design : no. D1203-D1217. | 1993 |

| VA0000638641 | Memories etched in stone : no. 101-135. | 1994 |
|---|---|---|
| VA0000650406 | [Design Mart monumental design] : no. D-mart 1218--D-mart 1231. | 1994 |
| VA0000669066 | Design Mart disks : vol. 1 : four disk set, 92 components for creating full-size details of virtually any D-Mart design. | 1994 |
| VA0000699617 | Life everlasting : no. D136-D201. | 1995 |
| VA0000701330 | Design Mart monumental design : no. D1232-D1250. | 1995 |
| VA0000742180 | Memories etched in stone : a memorial design presentation : ser. D80-D134. | 1995 |
| VA0000780441 | [Design Mart monumental design] : no. 1251-1263. | 1996 |
| VA0000814847 | [Design Mart monumental design] : no. D1264-D1270, D1273-D1277. | 1996 |
| VA0000850920 | Design Mart monumental design : no. D1278-1289. | 1998 |
| VA0000922532 | [Design Mart monumental design no. D1290-1305] | 1998 |
| VA0000979818 | First impressions : ser. D7001-7155. | 1999 |
| VA0001033110 | [Design Mart monumental design] : no. D1306-D1317. | 1999 |
| VA0001071840 | Design mart monumental design : no. D1318-1340. | 2000 |
| VA0001150607 | Legacies in stone. | 2001 |
| VA0001186306 | Journeys remembered : a memorial marker presentation : ser. D201-D276. | 2002 |
| VA0001216825 | Seasons cherished : a monument design presentation : ser. D1335-D1405. | 2003 |
| VA0001407032 | We remember. | 2006 |
| VA0001408395 | We remember : D1406-D1464. | 2007 |
| VA0001817022 | Monument Clip Art-Miscellaneous Artwork. | 2003 |
| VA0001817025 | D-Mart Disks III-Classic Components. | 2012 |
| VA0002000242 | Monument Clip Art-Miscellaneous Artwork 2. | 2015 |
| VAu000981365 | Loving Memories D1465-D1529. | 2009 |

11.     Each of the hundreds of individual designs included in these copyright registrations constitutes a separate work, with each such design possessing independent economic value and each design distinctly and discernably viable.

12.     Design Mart's catalogs, brochures and other media depicting its copyrighted designs have included copyright notices in compliance with 17 U.S.C. § 401.

B. **MATTHEWS' COPYRIGHT INFRINGEMENT**

13.     Matthews is a large international corporation incorporated under the laws of Pennsylvania and registered to do business in Georgia and in numerous other states. Matthews is traded on the NASDAQ stock exchange under the symbol MATW. MATW is one of the stocks that comprise the NASDAQ Global Select Market Composite index. Matthews employs about 11,000 employees at over 250 locations around the world, on six continents.

14.     Matthews uses the trade names Matthews Cemetery Products and Matthews Granite. Under these trade names Matthews competes with Design Mart to offer design images for tombstones and monuments, and offers stencils used to transfer the design to a tombstone or monument. Additionally, Matthews offers for sale and sells tombstones/monuments engraved with a design image selected by a bereaved family.

15.     Matthews has engaged in large-scale, illegal copying of Design Mart's copyrighted design images. Matthews assembled infringing copies of Design Mart's designs into one or more online catalogs branded by Matthews, and offered it at least through its online monument design tool/application. On information and belief, Matthews uses one or more versions of its online catalog(s) and design tool/application(s) containing Design Mart's stolen copyrighted images to advertise to cemeteries and to bereaved families the design images Matthews makes available for engraving onto tombstones and monuments.

16. Matthews has illegally copied at least 267 of Design Mart's original copyrighted images. In at least one of Matthews' online catalogs, entitled "MG Designs," the stolen Design Mart images comprise the entirety of the images being offered within the catalog and online/design tool application.

17. On information and belief, Matthews makes one or more of its online catalogs containing Design Mart's stolen design images available to third-party companies (such as cemeteries) across the United States and internationally. Matthews provides the third-party companies access to its design catalogs with login information. The third-party companies use Matthews' online catalog(s) and design tool/application to advertise the infringing Design Mart design images to bereaved families.

18. On information and belief, Matthews also makes infringing copies of Design Mart's images by incorporating the designs into proposals and/or contracts with bereaved families or other customers.

19. When a bereaved family chooses an infringing Design Mart design, the third-party company commissions Matthews to engrave the image onto a monument or gravestone.

20. Matthews makes an infringing derivative work from the infringing image in the form of a stencil, which Matthews then uses to sandblast or engrave an infringing image onto the tombstone. Matthews sells the gravestone or monument engraved with the infringing image to the third-party, which then sells it to the bereaved family.

21. Exhibit B depicts 192 examples of copyrighted Design Mart images that have been willfully infringed by Matthews. The left column of Exhibit B depicts the Design Mart copyrighted images; the right column depicts Matthews' corresponding infringing copy from one of its online catalogs. Exhibits C, D, and E, depict, respectively, 19, 21, and 32 additional

examples of copyrighted Design Mart images that have been willfully infringed by Matthews. (To reduce the size of each pdf exhibit and thereby comply with the online size limit for uploading documents via the Court's ECF filing system, four exhibits of the examples of Matthews' infringing copies, rather than a single exhibit, are being submitted).

22. On information and belief, discovery will demonstrate that Matthews has copied many more of Design Mart's copyrighted images, and that Matthews has also made infringing copies in other media, such as printed brochures, catalogs, price books, proposals, approval drawings, and customer contracts.

23. Matthews has infringed and continues to infringe Design Mart's copyrighted design images by reproducing and displaying, without authority, Design Mart's copyrighted design images and derivative works thereof on Matthews' computer systems, by making electronic copies of Design Mart's designs, by providing images and derivative works available internally to its employees and agents, by preparing derivative works based upon copyrighted works, by distributing copies of the copyrighted work, for example, by distributing its electronic catalogs and/or by distributing paper copies or excerpts thereof and by selling gravestones and monuments bearing the copyrighted images or derivatives thereof; and/or by displaying the copyrighted works publicly.

24. Matthews is using its infringing versions of Design Mart's copyrighted images to advertise illegally Matthews' products and services, leading to direct sales not only of gravestones and monuments bearing infringing images, but increasing the sales of Matthews and its customers' entire line of products and services.

25. Matthews has further engaged and continues to engage in secondary, vicarious, and contributory copyright infringement by intentionally inducing, causing, and materially

contributing to third-party companies' (such as companies operating cemeteries) infringement of Design Mart's copyrights, for example, by causing and inducing such third-parties to make copies on their computers and their customers' computers and to publicly display Design Mart's copyrighted images.

26. Matthews' infringement has been direct and willful, with knowledge that the subject designs were illegally copied from Design Mart's copyrighted works.

**COUNT I: WILLFUL DIRECT COPYRIGHT INFRINGEMENT**

27. Design Mart repeats and incorporates by reference the allegations contained in the preceding paragraphs 1 - 26.

28. Each of the Design Mart's design images constitutes an original, creative work in which Design Mart owns valid copyrights properly registered with the United States Copyright Office.

29. Design Mart has not authorized Matthews' conduct.

30. .   Matthews willfully infringed upon Design Mart's copyrighted design images in violation of Title 17 of the U.S. Code, section 501, in that Matthews used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique design images of Design Mart and derivative works thereof, without Design Mart's consent or authority, by displaying the designs on its computer systems, by making them available to its customers and other third-parties, by printing copies of the images, by posting copies on its website(s), by making stencils of the designs, by engraving tombstones with the designs, and by manufacturing and distributing tombstones bearing the designs, thereby violating multiple of Design Mart's exclusive rights in its copyrights.

31. As a result of Defendants' violations of Title 17 of the U.S. Code, Design Mart is entitled to an award of actual damages and disgorgement of all of Matthews' profits attributable

to the infringements as provided by 17 U.S.C. § 504 or, in the alternative, at Design Mart's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

32. As a result of the Matthews' violations of Title 17 of the U.S. Code, Design Mart is entitled to recover its reasonable attorney's fees and costs from Defendants pursuant to 17 U.S.C. § 505.

33. As a result of Matthews' violations of Title 17 of the U.S. Code, Design Mart is entitled to injunctive relief to prevent further infringement of its copyrights pursuant to 17 U.S.C. § 502.

## **COUNT II: WILLFUL SECONDARY COPYRIGHT INFRINGEMENT**

34. Design Mart repeats and incorporates by reference the allegations contained in the preceding paragraphs 1 - 33.

35. Each of the Design Mart's design images constitutes an original, creative work in which Design Mart owns valid copyrights properly registered with the United States Copyright Office.

36. Design Mart has not authorized Matthews' conduct.

37. Matthews has engaged in willful secondary, vicarious, and contributory copyright infringement by intentionally inducing, causing, and materially contributing to third-parties' infringement of Design Mart's copyrighted works.

38. As a result of Defendants' violations of Title 17 of the U.S. Code, section 501, Design Mart is entitled to an award of actual damages and disgorgement of all of Matthews' profits attributable to the infringements as provided by 17 U.S.C. § 504 or, in the alternative, at Design Mart's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

39. As a result of Matthews' violations of Title 17 of the U.S. Code, Design Mart is entitled to recover its reasonable attorney's fees and costs from Defendants pursuant to 17 U.S.C. § 505.

40. As a result of Matthews' violations of Title 17 of the U.S. Code, Design Mart is entitled to injunctive relief to prevent further infringement of its copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

Plaintiff Design Mart demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Design Mart, LLC respectfully prays that the Court enter judgment that Matthews infringed Design Mart's rights to the its copyrighted works in violation of 17 U.S.C. § 501 et seq. and award damages and monetary relief and equitable relief as follows:

a) For an award of actual damages and disgorgement of all of Matthews profits attributable to the Matthews' direct and secondary infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Design Mart's election, an award of statutory damages against Matthews for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

b) For an order pursuant to 17 U.S.C. § 502(a) preliminarily and permanently enjoining Matthews, and its officers, agents, servants, employees, attorneys, and anyone who is in active concert or participation any of the foregoing, from any infringing use of Design Mart's copyrighted works;

c) For an order awarding Design Mart its reasonable attorney's fees and costs of litigation pursuant to 17 U.S.C. § 505;

d) For prejudgment interest as permitted by law;

e) And for any further or other relief that the Court deems just and proper.

Respectfully submitted,

*/s William F. Long*

William F. Long
Georgia Bar No. 457490
Matthew P. Warenzak
Georgia Bar No. 624484
(*pro hac vice* application forthcoming)
SMITH GAMBRELL & RUSSELL LLP
1105 West Peachtree Street NE, Suite 1000
Atlanta, Georgia 30309
Tel. 404-815-3500
Fax 404-685-6859

Sarah A. Gottlieb
(*pro hac vice* application forthcoming)
SMITH GAMBRELL & RUSSELL LLP
201 North Franklin Street, Suite 3500
Tampa, Florida 33602
Tel. 813-488-2925
