# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| DESIGN MART LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 3:23-cv-00082-CDL |
| | ) |
| MATTHEWS INTERNATIONAL | ) |
| CORPORATION, D/B/A MATTHEWS | ) |
| GRANITE, D/B/A MATTHEWS | ) |
| CEMETERY PRODUCTS, | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

It appearing that discovery in the above-captioned action ("Present Litigation") is likely to involve the disclosure of trade secret information, confidential research, development, or commercial information, personal identifying information, information received in confidence from third parties, or information otherwise entitled to protection pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) it is ORDERED as follows:

1. Information, documents, and other materials may be designated by the producing party ("the Designating Party") in the manner permitted. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation will be either (a) "Confidential" or (b) "Highly Confidential – Outside Counsel Eyes Only." This Order will apply to Designated Material produced by any party or third-party in this action.

2. <u>Designation of Confidential Material</u>. Any party to this litigation and any third-party may designate as "Confidential" and as subject to this Order any information, document, thing, or portion of any document or thing ("Material"): (a) that contains trade secret information,

1

confidential research, development, or commercial information; (b) that contains personal identifying information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or third-party covered by this Order who produces or discloses any Confidential Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) will mark that Material with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3. <u>Designation of Highly Confidential – Outside Counsel Eyes Only Material</u>. Any party to this litigation and any third-party may designate as "Highly Confidential – Outside Counsel Eyes Only" and as subject to this Order any Material that contains highly sensitive trade secret, confidential research, development, or commercial information or personal identifying information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or third-party covered by this Order who produces or discloses any Highly Confidential – Outside Counsel Eyes Only Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) will mark that Material with the following or similar legend: "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

4. <u>Scope</u>. Designated Material subject to this Order may be used for purposes of this litigation only and will not be disclosed by the receiving party to anyone other than those listed in Paragraphs 5 and 6 except by prior written agreement of the parties or by order of the Court.

Counsel for a party may give opinions and advice relating solely to this litigation to his or her client based on counsel's evaluation of Designated Material, but counsel may not thereby reveal the content of Material designated Highly Confidential except by prior written agreement of the parties or by order of the Court.

    5.    <u>Access to Confidential Material</u>. Material produced and designated "Confidential" and the contents thereof may only be disclosed to the following individuals under the following conditions:

        a.    *Parties*: Materials designated "Confidential" may be disclosed to parties in this action. In the case of parties that are corporations or other business entities, "party" means directors, officers, and/or employees of a party to this action who have a legitimate need to access the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Confidential Material is disclosed for this purpose, each such person must be informed pursuant to Paragraph 10 and must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

        b.    *Outside Counsel*: Materials designated "Confidential" may be disclosed to Outside Counsel of record for parties to this action and to their partners, associates, paralegals, and regularly employed office staff. "Outside Counsel" means outside attorneys who are not employees of a party to this action but are retained to represent or represent or advise a party to this action.

        c.    *Outside Experts*: Materials designated "Confidential" may be disclosed to

       an outside expert retained by Outside Counsel for purposes of assisting in this litigation. Before Designated Material is disclosed for this purpose, each such person must be disclosed pursuant to Paragraph 11 and must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

d. *The Court*: Materials designated "Confidential" may be disclosed to the Court and to Court personnel. Filing pleadings or other papers disclosing or containing such Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

e. *Other Persons*: Materials designated "Confidential" may be disclosed to vendors, translators, jury consultants, and litigation support firms retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings. Before Designated Material is disclosed for this purpose, each such person must be informed pursuant to Paragraph 10, if applicable, and agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

f. With respect to persons not covered by any of the foregoing subparagraphs, and in accordance with Paragraph 9, materials designated "Confidential" may be disclosed to any person who, based on the Designated Material itself, has independent knowledge of the Designated Material. However, such persons will not be entitled to retain a copy of any Designated Material produced during any deposition or at trial.

6. <u>Access to Highly Confidential Material</u>. Material produced and designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed only to the following individuals under the following conditions:

    a. *In-house Counsel*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to U.S.-licensed in-house counsel for each of the parties in this action. The U.S.-licensed in-house counsel must have a legitimate need to access the information in connection with his or her responsibilities for overseeing the litigation or assisting outside counsel in preparing the action for trial or settlement. Before "Highly Confidential – Outside Counsel Eyes Only" is disclosed for this purpose, each such person must be informed pursuant to Paragraph 10 and must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

    b. *Outside Counsel*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to Outside Counsel of record for parties to this action and to their partners, associates, paralegals, and regularly employed office staff. "Outside Counsel" means outside attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action.

    c. *Outside Experts*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to an outside expert retained by outside counsel for purposes of assisting in this litigation. Before Designated Material is disclosed for this purpose, each such person must be

        disclosed pursuant to Paragraph 11 and must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

    d. *The Court*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to the Court and to Court personnel. Filing pleadings or other papers disclosing or containing such Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

    e. *Other Persons*: Materials designated "Highly Confidential – Outside Counsel Eyes Only" may be disclosed to vendors, translators, jury consultants, and litigation support firms retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings. Before Designated Material is disclosed for this purpose, each such person must be informed pursuant to Paragraph 10, if applicable, and agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

    f. With respect to persons not covered by any of the foregoing subparagraphs, and in accordance with Paragraph 9, materials designated "Highly Confidential" may be disclosed to any person who, based on the Designated Material itself, has independent knowledge of the Designated Material. However, such persons will not be entitled to retain a copy of any Designated Material produced during any deposition or at trial.

7. <u>Use and Disclosure of Designated Material</u>. Designated Material, copies thereof, and information contained therein may only be used by individuals listed in Paragraphs 5 and 6,

and will not be disclosed in any manner to any other individual unless and until (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. <u>Designation of Deposition Transcripts</u>. Deposition transcripts or portions thereof may be designated as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only," either (a) when the testimony is recorded, or (b) by written notice to all counsel of record given within fourteen (14) days after the receipt of the rough transcript (or final transcript, if no rough transcript is ordered), in which case all counsel receiving such notice will be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. This 14-day period may be extended by agreement of the parties. During this period, the deposition transcript will not be disclosed to anyone other than the deponent and individuals listed in Subparagraphs 6(b), (c), (d), and (e) above, and no individual attending the deposition will disclose the contents thereof to anyone other than individuals listed in Subparagraphs 6(b), (c), (d), and (e) above. Upon being informed that portions of a deposition are to be designated "Confidential" or "Highly Confidential – Outside Counsel Eyes Only," all parties will limit disclosure of that transcript in accordance with Paragraphs 5, 6, and 7.

9. <u>Examination of Witnesses</u>. This Protective Order will not prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive Designated Material if the examination concerns Designated Material to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by the Designated Material itself or by foundation testimony. This Protective Order will not prevent counsel from examining a witness, during depositions or at trial (or other court hearing), to determine whether he or she has prior knowledge of any Designated Material, so long as such

examination will be in a manner that does not disclose the details of the Designated Material.

10. <u>Disclosure Requirements</u>. Prior to disclosing or displaying any Designated Material to any person, counsel will:

    a. Inform the person of the confidential nature of the Designated Material; and

    b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

11. <u>Notice of Disclosure</u>.

    a. <u>Written Notice</u>. Prior to disclosing or displaying any Designated Material to any outside expert or consultant, the party seeking to disclose such information will provide the producing party with written notice that includes: (i) the name of the outside expert or consultant; (ii) a current curriculum vitae of the outside expert or consultant; (iii) the present employer and title of the outside expert or consultant; (iv) an identification of all of the outside expert's or consultant's past and current employment and consulting relationships; (v) a copy of a document substantially in the form of Exhibit A signed by the outside expert or consultant; and (vi) a list of the cases in which the outside expert or consultant has testified at deposition or at trial within the last four (4) years, including an identification of the party who retained the outside expert or consultant. Further, the party seeking to disclose Designated Material will provide such other information regarding the outside expert's or consultant's professional activities reasonably requested by the producing party for it to evaluate whether good

        cause exists to object to the disclosure of Designated Material to the outside expert or consultant. A party that gives notice pursuant to this paragraph may disclose Designated Material to the identified outside expert or consultant unless the party receives a written objection from the producing party in compliance with the below procedures.

b.    <u>Objecting to Notice</u>. Within seven (7) days of receipt of the disclosure of the outside expert or consultant, the producing party may object in writing to the outside expert or consultant for good cause. In the absence of an objection at the end of the 7-day period, the person will be deemed approved under this Protective Order. There will be no disclosure of Designated Material to the person prior to expiration of this 7-day period. Parties are encouraged to note a lack of objection before the end of the 7-day period, if possible.

c.    <u>Meet and Confer</u>. If the producing party objects to disclosure of the outside expert or consultant within the 7-day period, the parties will meet and confer within two (2) business days following the objection and attempt in good faith to resolve the dispute. During the meet and confer process, the party objecting to the notice will describe the basis for the objection and will explain the basis for its objectively reasonable concern that the person will, advertently or inadvertently, use or disclose Designated Material in a way or ways that are inconsistent with the provisions of this Protective Order. If the dispute is not resolved, the party objecting to the disclosure will have seven (7) days from the date of the final meet and confer to seek relief from

the Court, pursuant to the Court's procedures. If relief is not sought from the Court within that time, the objection will be deemed withdrawn. If relief is sought, Designated Material will not be disclosed to the outside expert or consultant in question until the Court resolves the objection. If the producing party fails to move for a protective order within the time set forth above, Designated Material may thereafter be provided to the outside expert or consultant.

    d.    <u>Late Objections</u>. An initial failure to object to an outside expert or consultant under this paragraph will not preclude the non-objecting party from later objecting to continued access by that outside expert or consultant for good cause. However, a late objection to an outside expert or consultant will not be made on the basis of information disclosed pursuant to this paragraph, except to the extent that said disclosure contained a material omission or misrepresentation. If a later objection is made, the same time limits apply for the parties to meet and confer and for the party objecting to disclosure to seek relief from the Court. However, the outside expert or consultant will be permitted to continue to access and use Designated Material until the Court resolves the matter or the producing party withdraws its objection.

12.    <u>Objection to Designation</u>. If counsel for a party receiving Designated Material objects to that designation in whole or in part:

    a.    Counsel for the objecting party will serve on the Designating Party a written objection describing with particularity the Material in question and stating

    the grounds for objection. Counsel for the Designating Party will respond to the objection in writing within fourteen (14) days, and will state with particularity the grounds for asserting that the Material is properly designated. If the Designating Party does not agree to the redesignation or does not respond to the objection within 14 days, the objecting party may apply to the Court for relief consistent with the Court's procedures. Upon such application, the burden will be on the Designating Party to show why the designation is proper.

  b. Before serving a written objection, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter. The Court may award sanctions if it determines that a party's position was taken without substantial justification.

13. <u>Inadvertent Failure to Designate</u>. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Designated Material that should have been designated as such will not be deemed to waive a party's claim of confidentiality, in whole or in part, either as to the specific Designated Material disclosed or to other Designated Material concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the Designated Material that the Designated Material should have been designated "Confidential" or "Highly Confidential – Outside Counsel Eyes Only." Such notice will constitute a designation of the Material under this Order.

14. <u>Inadvertent Disclosure of Privileged Material</u>. Nothing in this Order will require disclosure of information protected by the attorney-client privilege, work product doctrine, or other

11

privilege or immunity, and the inadvertent production of such information will not operate as a waiver or estoppel in the Present Litigation or any other proceeding. If a producing party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the producing party will promptly notify each receiving party in writing of the inadvertent production, and will provide a privilege log within seven (7) days for the inadvertently or unintentionally produced documents, information, or other material. When a party receives notice of such inadvertent production, it will return and/or destroy all copies of inadvertently produced material within seven (7) days. Any notes or summaries referring or relating to any such inadvertently produced material subject to a claim of privilege or immunity will be destroyed forthwith. Nothing herein will prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The producing party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party will refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the receiving party will immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the producing party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the producing party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct. The producing party will have seven (7) days to prepare privilege log for the inadvertently or unintentionally produced documents, information, or other material identified by a receiving party.

In accordance with Fed. R. Ev. 502(d), any privilege, work product or other protection from discovery is not waived by disclosure connected with this action, in which event is also not a waiver in any other state or federal proceeding.

15. <u>Reasonable Care in Designating Material</u>. The parties will use reasonable care to avoid designating as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" any documents or information that need not be designated as such.

16. <u>Limitations</u>. The following information will not be deemed or considered Confidential or Highly Confidential Material under this Order: (a) information that the parties agree, or the Court rules, is in the public domain; (b) information that the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party; and (c) information that is or becomes available to the receiving party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

17. <u>Right to Further Relief</u>. This Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms, to move the Court for an order compelling production of Designated Material, or to seek any other relief from the Court.

18. <u>Termination of Matter</u>. This Order survives the termination of this litigation and remains in full force and effect unless modified or terminated by order of the Court or by written stipulation of all parties filed with the Court.

19. <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" pursuant to this Order will promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

20. <u>Filing Designated Material</u>. This Protective Order does not provide for the automatic sealing of Designated Material which becomes part of an official judicial proceeding or which is filed with the Court. If it becomes necessary to file Designated Material with the Court, the filing party must comply with the Court's rules and standing orders.

21. <u>Final Disposition</u>. Upon final conclusion of this litigation, each party or other individual subject to this Order will promptly (and in no event later than sixty (60) days after entry of final judgment that can no longer be appealed) assemble and return all original and unmarked copies of Designated Material to the originating source, and will, at the request of the originating source, destroy all copies of Designated Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Designated Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order. Alternatively, the receiving party will provide to the Designating Party a certification that all such materials have been destroyed. To the extent a party requests the return of Designated Material from the Court following final conclusion of this litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party will file a motion seeking such relief.

22. <u>Disclosure in motion, hearing, or pretrial hearing</u>. Any documents (including briefs), tangible things, or information including Designated Material that are submitted to the

Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the following, in accordance with the Court's Order in this action dated September 14, 2023 [Dkt. 20 at pp. 9-11] ("Orders Regarding Confidentiality"):

a. The party seeking to introduce material Designated by the opposing Party in a public filing, hearing, or pretrial conference must notify the designating Party at least 14 days prior to the public filing, hearing, or pretrial conference.

b. The designating Party must lodge any objection and file a motion to restrict documents to the parties and Court personnel within seven (7) days after receiving notice that the opposing Party intends to use the Designated material in a public filing, hearing, or pretrial hearing.

c. The non-designating Party must respond to the Designating Party's motion to restrict within seven (7) days after the motion to restrict is filed.

The Parties are also governed by and must comply with the other provisions set forth in the Court's September 14, 2023 Order [Dkt. 20, at pp. 9-11] ("Orders Regarding Confidentiality").

SO ORDERED this 12th day of _December, 2023.

    S/Clay D. Land
        The Honorable Clay D. Land
        United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DESIGN MART LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:23-cv-00082-CDL |
| | ) |
| MATTHEWS INTERNATIONAL CORPORATION, D/B/A MATTHEWS GRANITE, D/B/A MATTHEWS CEMETERY PRODUCTS, | ) |
| | ) |
| Defendant. | ) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ being duly sworn, state that:

1. My present employer is _____ and the address of my present employment is _____.

2. My present occupation or job description is _____ _____.

3. I have carefully read and understand the provisions of the Protective Order in this case, and I will comply with all of its provisions.

4. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Designated Material or any words, summaries, abstracts, or indices of Designated Material disclosed to me.

5. I will limit use of Designated Material disclosed to me solely for purpose of this litigation.

6. No later than the final conclusion of the case, I will return all Designated Material

1

and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

7.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

### ADDITIONAL UNDERTAKING REQUIRED FOR EXPERTS AND CONSULTANTS

8.  If at any time after I execute this Undertaking and during the pendency of the litigation I become an employee of a party or a direct competitor thereof, I will promptly inform the counsel for the party who retained me in this litigation. I will immediately return to the counsel who provided me the information any Designated Material unless the parties agree or the Court orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____                    _____
                                                  Name: