**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **DESIGN MART LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 3:23-cv-00082-CDL** |
| | § | |
| **MATTHEWS INTERNATIONAL CORPORATION, D/B/A MATTHEWS GRANITE D/B/A MATTHEWS CEMETERY PRODUCTS** | § § § § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Design Mart's Claim for Copyright Infringement is Actually a Claim for Breach of Contract, an Unpled Claim, Thus There is No Genuine Issue of Material Fact to Be Tried ........ 2

B. Ms. Miller Failed to Consider That Matthews Had a License to the Accused Designs In Her Damages Calculation ........ 3

C. Design Mart's Reliance on *On Davis* Cuts Against Its Claim for Retroactive License Fees ........ 4

D. Ms. Miller Improperly Considered Designs Not Part of this Action in Her Damages Calculation ........ 7

E. Ms. Miller's Damages Analysis Fails to Account for the Superfluous Functionality that Matthews' Customers Do Not Need and for Which Matthews Would Not Pay ........ 8

F. Contrary to Ms. Miller's Testimony, CAD Compatible Files Can Be Downloaded as Part of a User's Access to Design Mart's Online Monument Design System ........ 9

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Aerospace Services Intern. v. LPA Group, Inc.*, 57 F.3d 1002 (11th Cir. 1995) ............................5

*Fodere v. Lorenzo*, No. 09-cv-23120, 2011 WL 465468 (S.D. Fla. Feb. 4, 2011)..........................2

*Jacob Maxwell, Inc. v. Veeck,* 110 F.3d 749 (11th Cir.1997).......................................................2

*Montgomery v. Noga*, 168 F.3d 1282 (11th Cir. 1999)..................................................................5

*On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001)....................................................*Passim*

*Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc.*, 329 F.2d 194 (2d Cir. 1964)...............................5

*Pronman v. Styles*, 676 Fed. App'x 846 (11th Cir. 2017) ..........................................................6

Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1121 (9th Cir. 1999).........................2

*Thornton v. J Jargon Co.*, 580 F.Supp.2d 1261 (M.D. Fla 2008) .................................................5

*Virtual Studios, Inc. v. Royalty Carpet Mills, Inc.*, 2014 WL 12495340 (N.D. Ga. Feb. 10, 2014) .......................................................................................................................................2

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949 (11th Cir. 2009) ................................................2

*Davis v. Tampa Bay Arena, Ltd.,* 108 U.S.P.Q.2d 1104 (M.D. Fla. 2013)....................................2

**Federal Statutes**

17 U.S.C. § 504(b) ..........................................................................................................................1

**Rules**

Federal Rule of Evidence 403 ..................................................................................................1, 11

## I. INTRODUCTION

Plaintiff, Design Mart has improperly pled its cause of action as an infringement of its alleged copyrights. Defendant, Matthews had a license to access and use the allegedly infringing designs (the "Accused Designs"). Design Mart's claim that Matthews' use of the Accused Designs was impermissible is actually a claim for breach of the license agreement. Matthews did not plead a claim for breach of contract. *See* Dkt. No. 31. Consequently, this case should be dismissed, or at the very least, the damages expert opinion of Ms. Lisa G. Miller ("Miller" or "Ms. Miller") is directed to the wrong cause of action and should be dismissed.

Design Mart, through its claim for copyright infringement, has attempted to inflate the factual record with speculative and unsupported claims that it is entitled to $[redacted] million in lost license fees. Defendant's Statement of Undisputed Material Facts in Support of Matthews' Motion for Summary Judgement (hereinafter "SMF") Dkt. No. 46, ¶ 20. The alleged damages rest upon the opinion of Ms. Miller, who produced an error-ridden and highly prejudicial report that deceptively calculates Design Mart's damages to be tens of millions of dollars more than what any evidence in the record could support.

Each of the grounds that Design Mart relies on in its Opposition to Matthews' Motion for Summary Judgment (Dkt. No. 56) (the "Opposition") fails as a matter of law. Design Mart's Opposition demonstrates that its damages claim would require the jury to engage in such an impermissible level of speculation under Federal Rule of Evidence 403 to reach the conclusion that Design Mart is entitled to $[redacted] million in lost license fees that it should not be presented to the jury in the first place. As such, Design Mart's damages claim pursuant to 17 U.S.C. § 504(b) fails as a matter of law and should be dismissed as it would mislead the jury.

## II. ARGUMENT

### A. Design Mart's Claim for Copyright Infringement is Actually a Claim for Breach of Contract, an Unpled Claim, Thus There is No Genuine Issue of Material Fact to Be Tried

In view of Design Mart's position on summary judgment, it has become clear that Design Mart is purposefully hiding the fact that Matthews had entered into an End User License Agreement (hereinafter the "EULA") permitting Matthews to access and use the allegedly Accused Designs and that Design Mart's true cause of action is for breach of the EULA and not copyright infringement.

Matthews had a license, thus the only means by which Design Mart can claim that Matthews' use of the Accused Designs was an infringement, is also to argue that Matthews exceeded the scope of the license agreement between the parties, otherwise Matthews' actions were permissible. Indeed, Design Mart's **claim for copyright infringement cannot exist without also claiming a breach of the EULA**. Courts have repeatedly held that where a copyright claim hinges on a contractual disagreement over the terms of a license, the proper cause of action lies in contract law, not copyright law. *See Jacob Maxwell, Inc. v. Veeck,* 110 F.3d 749, 753 (11th Cir.1997); *Fodere v. Lorenzo*, No. 09-cv-23120, 2011 WL 465468, at *4 (S.D. Fla. Feb. 4, 2011); *see also* Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1121 (9th Cir. 1999); *Davis v. Tampa Bay Arena, Ltd.,* 108 U.S.P.Q.2d 1104 (M.D. Fla. 2013). Generally, a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement and can sue only for breach of contract. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009); *Virtual Studios, Inc. v. Royalty Carpet Mills, Inc.*, 2014 WL 12495340, at *8 (N.D. Ga. Feb. 10, 2014).

Further, Design Mart's damages claim is wholly based on whether customers had "access" to the Accused Designs.[1] Whether a customer's access to the Accused Designs was impermissible and caused damages is a question governed by the terms and conditions of the EULA—it is a breach of contract issue, not a copyright issue. Indeed, by relying on "access" as the basis of its damages claim, Design Mart admits that its claim is for breach of contract. Consequently, Ms. Miller's expert report addresses damages for the wrong claim—copyright infringement instead of breach of contract. *See e.g.*, Dkt. No. 37; Exhibit A to Matthews' Summary Judgment Motion. Accordingly, Ms. Miller's expert report should be stricken in whole on the grounds that it not directed to the proper cause of action at issue in this case, and is therefore, wholly irrelevant.

Moreover, **Design Mart did not plead breach of contract** in its Second Amended Complaint (the "SAC"), the controlling Complaint in this Action, or any prior iteration of its Complaint, and **cannot now challenge or rectify this single undeniable fact**. *See* Dkt. Nos. 1, 13, and 31. Thus, there is not and cannot be a genuine dispute of material fact regarding Design Mart's failure to plead breach of contract. Consequently, this Court should dismiss Plaintiff's case in chief and Matthews is entitled to judgment as a matter of law on this issue alone.

### B. Ms. Miller Failed to Consider That Matthews Had a License to the Accused Designs In Her Damages Calculation

Design Mart's damages claim further fails as a matter of law, where it completely neglects the existence of the EULA, which expressly authorized Matthews to have unlimited and unregulated access to and use of the Accused Designs. *See* Matthews' Statement of Undisputed Facts in Support of its Reply for its Motion for Summary Judgment ("Reply SMF"), ¶1, Exhibit B therein. Matthews was a licensee of Design Mart's online monument design system

[1] *See* Exhibit A, Excerpts from Ms. Miller's deposition testimony, Page 247, Lines 9-12 ("Q: And your assumption is based on merely access to the designs, correct? A: Access based on Matthews' use of the Design Mart designs.")

("Monument Designer") from at least 2011 until August 2024—even after the commencement of this Action.[2] SMF ¶ 21. Indeed, Design Mart failed to even mention the existence of Matthews' licenseor even address the terms and conditions of the EULA in its Summary Judgment Motion, SAC, First Amended Complaint, or original Complaint.

The language of the EULA states: "**A subscriber/member may allow access to others under the same terms as the subscriber/member.**" *See* Reply SMF, Exhibit B therein, emphasis added. This is exactly what Matthews did with the designs located in its online monument design system (hereinafter "Design Pro") and goes to the heart of Design Mart's claim. At no point did the EULA condition Matthews' use of the content on continued oversight or approval by Design Mart. Where the language of Design Mart's EULA allowed for Matthews to download and export files of the Accused Designs without limitation, Design Mart's claim for damages cannot ignore this critical piece of information. Here, Design Mart's Opposition and in the damages report, Ms. Miller failed to address or acknowledge the EULA or that Matthews' actions were in line with the terms of the EULA. Because Matthews' use of the Accused Designs was fully authorized under the EULA, Design Mart's claim for damages, which fails to consider such critical information, is wholly inaccurate, and so highly prejudicial that it should not be presented to a jury in this Action.

**C. Design Mart's Reliance on *On Davis* Cuts Against Its Claim for Retroactive License Fees**

Design Mart's Opposition relies almost exclusively on *On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001), to argue that retroactive license fees may be awarded as actual damages. Design Mart's reliance on *On Davis* is entirely misplaced. The case does not support Design Mart's claim for retroactive license fee damages. *On Davis* involved an undisputed lack of authorization to use the copyrighted work and concrete evidence of a reasonable licensing fee—

[2] Matthews removed any and all of the Accused Designs from its system after Design Mart failed to allow Matthews to renew its license.

none of which are present in this Action. *On Davis*, 246 F.3d at 156. Moreover, *On Davis* is a Second Circuit case and is not binding on this Court, whereas Eleventh Circuit precedent that Matthews cited in its Motion for Summary Judgment, clearly requires non-speculative proof of damages, which Design Mart has failed to provide.

In *On Davis*, the plaintiff, a professional photographer, sued The Gap for the unauthorized depiction of his copyrighted eyewear design as a minor element in an advertising campaign. *On Davis*, 246 F.3d at 156. *On Davis* involved unauthorized use of the copyrighted work, whereas here, **Matthews had a valid license since at least 2011 that permitted access to and use of the Accused Designs**. *On Davis* does not stand for the proposition that a plaintiff may retroactively demand a license fee when the alleged infringer already had a license to use the content in question. Design Mart's attempt to apply *On Davis* to the situation where Matthews had prior authorization completely misrepresents the holding of that case. Unlike the defendant in *On Davis*, Matthews was not an unauthorized user who should have paid an additional licensing fee for each of its customers. Design Mart has failed to show that Matthews exceeded the scope of its license, making its demand for additional license fees legally untenable.

Furthermore, Design Mart ignores controlling Eleventh Circuit precedent that directly contradicts its arguments and actively misrepresents *On Davis* as settled law in the Eleventh Circuit, when it is not. The Eleventh Circuit has repeatedly held, and relied on other circuit's decisions that held, that damages must be established with certainty and cannot rest on speculation. *Aerospace Services Intern. v. LPA Group, Inc.*, 57 F.3d 1002 (11th Cir. 1995); *Thornton v. J Jargon Co.*, 580 F.Supp.2d 1261, 1280 (M.D. Fla 2008); *Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc.*, 329 F.2d 194, 196-97 (2d Cir. 1964). Matthews' Motion for Summary Judgment specifically cited to Eleventh Circuit case law emphasizing this requirement. Dkt. No. 42, Section III. In *Montgomery v. Noga*, 168 F.3d 1282, 1294-95 (11th Cir. 1999), the court

explicitly stated that the plaintiff bears the burden of establishing, with reasonable probability, a causal connection between the infringement and the loss of revenue. Similarly, in *Pronman v. Styles*, 676 Fed. App'x 846 (11th Cir. 2017), decided *after* the Second Circuit's *On Davis* ruling, this Circuit reinforced that damages cannot be based on hypothetical or speculative figures. Design Mart does not distinguish or engage with these authorities at all in its Opposition. Instead, it chose to rely on a non-binding, factually distinct case from another circuit and misrepresent that case as settled law in this Circuit.

Even if *On Davis* were applicable, which it is not, Design Mart's damages theory still collapses under scrutiny because Design Mart bases its theory solely on a customer's mere *access* to the Accused Designs, rather than actual use. *See* Exhibit A, Page 247, Lines 9-12. Design Mart improperly assumes that every user who could have accessed Matthews' Design Pro system should be counted as a lost licensing opportunity, even if they never used or even viewed an Accused Design. This flawed premise ignores the fundamental requirement that damages for copyright infringement must be causally linked to an infringing act. The undisputed factual record shows that Design Pro contains over 18,000 design options, and the 175 Accused Designs account for less than 1% of the available selections. SMF ¶ 33 and 34. Ms. Miller's calculation of $[redacted] million in retroactive license fees is not only grossly inflated but is entirely speculative because it does not consider whether any users actually used the Accused Designs to create monuments. Unlike in *On Davis*, where the use of the copyrighted image was unquestionable, Design Mart's claim rests on mere access, untethered to any proof of actual use or harm. Because Design Mart has provided no evidentiary foundation for its damages claim and has relied solely on a misrepresentation and misapplication of *On Davis*, there is no genuine issue of material fact that would preclude summary judgment.

Moreover, the plaintiff in *On Davis* had evidence of a $50 fee for the use of a particular photograph, which was sufficient to establish a concrete fair market value of the license for that

use. *On Davis*, 246 F.3d at 161. As explained in detail below, Ms. Miller's license fee is far from concrete and is replete with errors and untethered to the Accused Products. Indeed, Ms. Miller could have chosen to base her calculation on the concrete license fee of $85 to purchase an Accused Design, but instead chose a questionable market value that is wholly inconsistent with *On Davis*. SMF ¶ 40. Because Design Mart has provided no evidentiary foundation for its damages claim and has relied solely on a misrepresentation and misapplication of *On Davis*, there is no genuine issue of material fact that would preclude summary judgment.

**D. Ms. Miller Improperly Considered Designs Not Part of this Action in Her Damages Calculation**

Design Mart's Opposition further fails to refute the fundamental defects in its damages claim. Design Mart's purported damages expert, Ms. Miller, bases her damages calculation on a dataset that is wholly inconsistent with the allegations in the SAC, rendering her analysis unreliable, speculative, and legally insufficient to sustain Design Mart's claim. The SAC asserts that there are 175 Accused Designs are at issue. Dkt. No. 31, Exhibit B therein. However, instead of calculating damages based solely on those 175 Accused Designs, Ms. Miller inexplicably relies on a dataset of 282 Design Mart designs—107 more than the number of Accused Designs in this case. Dkt. No. 37, Exhibit A therein. She provides no explanation for this overreach. Moreover, Ms. Miller's dataset does not even fully account for the 175 Accused Designs identified in the SAC. Of those 175, at least 58 are not included in the four booklets on which she bases her damages analysis. SMF ¶ 28. Thus, not only does her calculation improperly inflate the number of designs at issue, it also fails to include a substantial portion of the actual Accused Designs. Additionally, Ms. Miller's report misconstrues the testimony of Alison Reeder by claiming Ms. Reeder added all the designs from the four booklets that made up the 282 designs that Ms. Miller relied on. But Ms. Miller completely ignores Ms. Reeder's testimony that she used her years of experience to add the most popular designs to Design Pro, clearly

indicating that she chose a subset of the designs from the four booklets. *See* Exhibit C, Excerpts from Alison Reeder's deposition testimony, Page 20, Lines 14 – 23.

Further, Design Mart's damages claim completely lacks any evidence tying the allegedly infringed designs to Matthews' Design Pro system. Ms. Miller does not identify any evidence showing that all or even some of the designs in the four booklets were actually uploaded to Matthews' Design Pro system. In her deposition, Ms. Miller admitted that she did not log onto the Design Pro system to confirm whether the 282 designs she relies on were ever present on the Design Pro platform, despite Design Mart's own attorneys having access to Matthews' Design Pro system. Exhibit A, Page 137, Lines 10-18. Further, Design Mart still offers no evidence from its own counsel to support Ms. Miller's assumption that Matthews' Design Pro system contained all 282 designs she relied on. Without this crucial link, Ms. Miller's damages calculation is based entirely on speculation, which is insufficient as a matter of law.

Design Mart bears the burden of proving actual damages with reasonable certainty, and Ms. Miller's failure to tie her damages model to the designs actually at issue, let alone to any verifiable use by Matthews, demonstrates that Design Mart has not met that burden even based on the case law it relies on. See *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001). Here, Design Mart has continuously failed to meet its burden of proof, and its claim for actual damages must be dismissed as a matter of law.

**E. Ms. Miller's Damages Analysis Fails to Account for the Superfluous Functionality that Matthews' Customers Do Not Need and for Which Matthews Would Not Pay**

Ms. Miller also fails to account for the fact that the retroactive license fee Ms. Miller calculates does not account for the functionality to create monument designs online through Design Mart's Monument Designer system that are included in the license fee. Matthews' customers would not need nor would Matthews pay for this functionality because Matthews already has its own functionality for creating monument designs as part of its own Design Pro

system, to which its customers already had access. Thus, Design Mart's online functionality is superfluous. Ms. Miller's failure to account for the added functionality of Design Mart's system in the retroactive license fee improperly inflates Design Mart's damages claim and calls into question the reliability of that claim.

### F. Contrary to Ms. Miller's Testimony, CAD Compatible Files Can Be Downloaded as Part of a User's Access to Design Mart's Online Monument Design System

Design Mart's Opposition and Ms. Miller incorrectly stated that the purchase of "CAD files" would not entitle Matthews to "modify CAD compatible files." *See* Exhibit A, Page 125, Line 3 – Page 126, Line 22. First, the use of the phrase "CAD files" is incorrect, rather these are file extensions that are compatible with CAD software such as .PLT or .DXF. Second, Matthews' access and use of the Accused Designs was authorized under a valid license agreement, a point Ms. Miller failed to take into account in her report. Exhibit B.

As part of Matthews' paid subscription license to access and use Design Mart's monument designs, Matthews had the ability to download CAD compatible files for the use of creating monument designs. Dkt. No. 52-1, Matthews' Statement of Undisputed Facts in Support of Opposition to Design Mart's Motion for Summary Judgment (hereinafter "Opposition SMF"), ¶ 19. On numerous occasions since 2011, Matthews purchased, downloaded, and used Design Mart CAD compatible file designs from Design Mart's Monument Designer system to create monument designs.[3] Opposition SMF ¶ 3 and 6. In fact, Matthews' process for downloading CAD compatible design files from Monument Designer is publicly demonstrated in a tutorial video accessible on YouTube originally posted on January 3, 2018. Opposition SMF ¶ 21. It defies credibility as to why Ms. Miller would state that the $85 CAD compatible files were not available as the basis for determining a retroactive license fee, and by comparison show the

[3] In order to download a CAD compatible design file from Design Mart's Monument Designer system for use in creating a monument design, a person needs to: (1) access the Monument Designer system; (2) choose a design for download; (3) select the "download option" within in the Monument Designer system; and (4) select the appropriate CAD compatible file format for the chosen design–*e.g.,* a .DXF or .PLT file format. Opposition SMF ¶ 20.

absurdity of Ms. Miller's $[redacted] million calculation based on designs not at issue in this case. Ms. Miller's testimony directly contradicts Design Mart's own public statements regarding the download of CAD compatible files and their use in the industry to create monuments for customers. *See* Opposition SMF ¶ 3; Exhibit A, Page 125, Line 3 – Page 126, Line 22. Design Mart's failure to address these deficiencies in its Opposition demonstrate that Matthews is entitled to a judgment as a matter of law.

## III. CONCLUSION

This is an action for breach of contract, which Design Mart has failed to plead. Design Mart cannot now challenge that fact. Thus, there is no genuine issue of a material fact to be tried. Accordingly, this Court should dismiss Plaintiff's case in chief and Matthews is entitled to judgment as a matter of law on this issue alone. Alternatively, at a minimum, Ms. Miller's expert report should be stricken in whole on the grounds that it not directed to the proper cause of action at issue in this case, and is therefore, wholly irrelevant.

Further, Design Mart is asking for damages in the amount of $[redacted] based upon an expert report that is holistically prejudicial to Matthews. In its entirety, Ms. Miller's report lacks the very basics—a causal connection between the Accused Designs and the alleged damages, and the mathematical accuracy, precision, and candor that is expected of an expert opinion. The report and Ms. Miller's related testimony fail to take into consideration that Matthews had a license from Design Mart to use the Accused Design and inexplicably relied on designs that are not even at issue in this Action, which had the effect of inappropriately inflating the proposed damages amount.

In view of the foregoing, this Court should find Ms. Miller's report to be unduly prejudicial and its admissibility as evidentiary support for Design Mart's damages claim should be excluded under Federal Rule of Evidence 403. Matthews respectfully requests this Court to grant its motion for summary judgment and enter a judgment against Design Mart.

Dated: March 28, 2025

Respectfully Submitted,

**Duane Morris LLP**

/s/ Catherine G. Lucas
Catherine G. Lucas, Esq.
Georgia Bar No. 567369
1075 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6912
Email: klucas@duanemorris.com

Brian D. Siff
(pro hac vice)
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1055
Email: bdsiff@duanemorris.com

Kevin P. Allen
(pro hac vice)
625 Liberty Ave., Suite 1000
Pittsburgh, PA 15222-3112
Tel: (412) 497-1037
Email: kpallen@duanemorris.com

Lauren Matturri
(pro hac vice)
30 S 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1533
Email: Lmatturri@duanemorris.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on March 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Catherine Lucas
Catherine Lucas