UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DESIGN MART LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 3:23-cv-00082-CDL |
| MATTHEWS INTERNATIONAL CORPORATION, D/B/A MATTHEWS GRANITE, D/B/A MATTHEWS CEMETERY PRODUCTS, | ) ) ) ) ) ) |
| Defendant. | ) |

**PLAINTIF DESIGN MART, LLC'S MOTION IN LIMINE**

Plaintiff Design Mart, LLC ("Design Mart") moves the Court to exclude the following testimony and evidence from the trial:

i. To exclude Matthews' expert witness, Mr. John Plumpe, from testifying regarding a particular opinion that he failed to disclose in his expert report, specifically, his opinion that Ms. Lisa Miller allegedly failed to "ferret out the value of the [infringed Design Mart] designs from the value of the functionality."

ii. To exclude Matthews from introducing evidence or argument that Mr. Long, counsel for Design Mart, did not observe 27 of the designs that Matthews' witness Alison Reeder testified she copied into Design Pro.

1

I.  **THE COURT SHOULD ENTER AN ORDER PREVENTING MATTHEWS' EXPERT FROM OPINING THAT MS. LISA MILLER DID NOT "FERRET OUT THE VALUE OF DESIGNS FROM THE VALUE OF FUNCTIONALITY."**

Mr. John Plumpe has been identified as Matthews' damages expert. More than half-way through his deposition, Mr. Plumpe was questioned regarding his position that the correct number of licenses should have been (in his view) for only "unique customers," not the number of users. See excerpt of deposition transcript of Mr. John Plumpe ("Plumpe Dep."), at 87:9—89:25 (attached as Exhibit A). During this line of questioning, Mr. Plumpe was asked the following question:

> Q:   So you believe Ms. Miller should have been more focused on number of users—I'm sorry—number of customers, not the number of users?
>
> A:   I think she should have – assuming her approach is one that should be considered, and I'm [not][1] saying it should be. But she should have taken that list and done a deeper dive into the data to realize that there is [a confidential number] or so [of] unique customers that are not listed as cancelled or compromised. And that is a starting point[.][1]
> ***And the amount to charge would have to be based on the actual—again, if you take her premise as it just being [accessed as] what you would calculate a number on, then you would have to ferret out the value of the designs from the value of the functionality. And she has failed to do that.***

*Id.* 89:10-25 (emphasis supplied).

In the highlighted language above, Mr. Plumpe offered for the first time the opinion that Mr. Miller failed to "ferret out the value of the designs from the value of the functionality." This opinion was not in any way related to the questioning regarding users versus unique customers, and indeed, was not in any way responsive to

---

[1] Mr. Plumpe made these corrections to his testimony by errata, attached in Exhibit A.

2

the question asked.  Moreover, this opinion was not previously even hinted at, much less disclosed in Mr. Plumpe's expert report or otherwise.

Mr. Plumpe was asked where his opinion about "ferreting out functionality" was in his report.  He first claimed that "it is touched on in a few places in my report…." *Id.* at 90:1-2.  But when asked to identify the paragraph numbers in his report that disclosed that opinion, he could not point to anything other than paragraph 32(3), which he read verbatim into the record:

> Q:  …Read verbatim the part [in your report] that touches upon functionality.
>
> [objection omitted]
>
> A:  Ms. Miller has not provided support for her conclusion that Matthews would have purchased a license to the Accused Designs in the form of a subscription to Design Mart's Online Monument Designer for any Design Pro users, as opposed to other forms of compensation to Design Mart for the use of the Design Mart designs, such as the purchase of individual design templates.
>
> …
>
> Q: Quote me the language elsewhere in your report where you make reference to functionality?
>
> A: One second please.
>
> [objection omitted]
>
> A: That's the only one I'm readily seeing as I sit here now.

*Id.* at 90:21 – 92:1.  As is obvious from his testimony, Mr. Plumpe could identify nothing but paragraph 32(3) of his report, which does not even arguably support his opinion that Ms. Miller failed to "ferret out" the value of functionality.  Nor does it disclose the basis for such an opinion.

3

Rule 26(a)(2)(B)(i) required Mr. Plumpe to include in his written report "a complete statement of ***all opinions*** [he] will express ***and the basis and reasons for them***." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis supplied). Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "if a party fails to provide information … as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." See Fed.R.Civ.P. 37(c)(1); *see Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323 (11th Cir.2008) (A party that "fails to provide information ... as required by Rule 26(a) ... is not allowed to use that information or witness to supply evidence ... at trial unless the failure was substantially justified or is harmless.") (internal quotation marks and citations omitted)).

There is no conceivable justification for Mr. Plumpe omitting this opinion from his report. He had ample time to study and consider Ms. Miller's expert report before he provided his own report.

Moreover, Design Mart has been prejudiced by Mr. Plumpe's failure to include the "ferreting out" opinion in his expert report. Without proper disclosure of the opinion in his written report—much less the basis for the opinion—it was impossible for Design Mart to prepare properly to depose Mr. Plumpe regarding this opinion. *See, e.g., Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 825 (11th Cir. 2009). (Expert opinion was properly stricken because the "untimely disclosure left [the opposing party] unable to depose fully the expert or question [during deposition] what he relied on to form his opinions.") The Court should therefore enter an order barring Mr. Plumpe from opining at trial that Ms. Miller failed to ferret out the value of functionality.

**II.     THE COURT SHOULD ENTER AN ORDER PREVENTING MATTHEWS FROM INTRODUCING EVIDENCE OR ARGUMENT THAT DESIGN MART'S COUNSEL REVIEWED DESIGN PRO AND DID NOT SEE TWENTY-SEVEN OF THE DESIGNS THAT MS. REEDER ADMITTED COPYING.**

One of the issues at trial will be whether Matthews copied into Design Pro twenty-seven (27) of the two-hundred two (202) designs that Design Mart has accused Matthews of infringing. These are the 27 designs that Ms. Reeder testified she copied, but had not been observed by Mr. Fernandez in Design Pro. In opposition to Design Mart's motion for summary judgment, Matthews argued that it had not copied these 27 designs. Matthews argued, *inter alia*, that "Design Mart's attorney of record, Mr. William Long, was provided access to Matthew's Design Pro system during discovery during the Spring of 2024 for the very purpose of confirming which, if any, of Design Mart's design existed on Matthews' online Design Pro designing system…." *See* Doc. 53, at 12. The Court's summary judgment order found that, notwithstanding Ms. Reeder's admission that she copied all of the designs in the books that contained these 27 disputed designs, an issue of fact existed as to whether she actually copied them. *See* Doc. 68, at 22.

The Court should enter an order barring Matthews from raising any argument concerning Design Mart's counsel's review of Design Pro during the discovery period. First, the argument asserted in Matthews' brief is false. Mr. Long's "purpose" of reviewing Design Pro was hardly to confirm the full extent of designs copied from Design Mart. That would have been impossible for at least three reasons. First, Mr. Long is in no way familiar with all of Design Mart's hundreds of designs and was in no position to scan through the thousands of images in Design Pro to identify all of Design

5

Mart's infringed designs. Second, even if Mr. Long was knowledgeable enough to make such identification—which he was not—Matthews refused to provide the time that would have been required to inspect the thousands of designs contained in Design Pro. Matthews insisted that Mr. Long limit the time of his inspection to an eight-hour period on May 8, 2024. *See* Exhibit B. It would have taken enormously more than eight hours for Mr. Long to review all the Design Pro designs in a meaningful way. *See* Design Mart's Memorandum of Law in Opposition to Matthews' Motion for Summary Judgment [Doc. 56], at 14; *see also* Design Mart's Response to Matthews SMF ¶ 30. If the purpose was to identify all infringed designs, Mr. Long would never have agreed to an eight-hour limitation, nor would he have attempted to review Design Pro without Mr. Fernandez's assistance.

Furthermore, Mr. Long reviewed Design Pro *before* Ms. Reeder's deposition and therefore had no prior notice that she had copied designs previously unobserved by Mr. Fernandez. Mr. Long therefore had no reason to specifically look for the disputed 27 designs during his review of Design Pro.

Given the foregoing, the fact that Mr. Long did not observe the 27 designs at issue should be excluded because it is not relevant—the fact that he did not observe the 27 designs hardly proves that they were not copied by Ms. Reeder. To the extent that the information possesses any relevance, it would be marginal and would be substantially outweighed by an extreme danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Ev. 403 (relevant evidence may be excluded if probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury). If allowed at trial, Matthews' evidence

and argument on this allegation would be highly prejudicial to Design Mart because it could only be rebutted by testimony from Mr. Long himself, who will be serving as Design Mart's trial counsel.  This would raise ethical questions and/or prevent Mr. Long from serving as trial counsel, which would place Design Mart in an impossible position.

Excluding this evidence will not be prejudicial in any way to Matthews.  For example, Matthews can still attempt to use evidence that Mr. Fernandez did not observe these 27 designs during his review of the Design Pro system before the suit was filed.

The Court should therefore enter an order barring Matthews from referencing or arguing that Mr. Long did not observe the 27 designs during his limited review of Design Pro during the discovery period.

### III.    CONCLUSION

For the foregoing reasons, the Court should grant Design Mart's motion in limine.

Respectfully submitted this 19th day of September, 2025,

>SMITH, GAMBRELL & RUSSELL, LLP
>
>  /s/  *William F. Long*
>William F. Long
>blong@sgrlaw.com
>Tel. 404-815-3559
>Georgia Bar No. 457490
>Matthew P. Warenzak
>mwarenzak@sgrlaw.com
>404-815-3564
>Georgia Bar No. 624484
>1105 West Peachtree Street NE, Suite 1000
>Atlanta, Georgia 30309
>*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/   William F. Long